No. 2,040.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS,
*v.* RAFAEL CASTRO, APPELLANT.

</div>

TAX FOR SCHOOL PURPOSES.—A special tax for school purposes can only be levied, after the question has been submitted to the qualified electors of the district, in the manner pointed out by the statute.

IDEM.—ACTIONS TO COLLECT SUCH TAXES.—PLEADING.—The holding of such an election is a jurisdictional fact, and it is, therefore, necessary to aver it with precision, and in such manner as to admit of a direct issue upon the facts averred.

IDEM.—PRACTICE.—When the answer denies that any election to authorize the tax was ever held, and, upon the trial, there was no attempt to prove the holding of an election, a nonsuit should be granted.

IDEM.—FRAUD.—If it be shown that the land on which the tax was assessed did not belong to the defendant, but to other persons in the actual occupation thereof, holding the title under recorded deeds, the fact establishes a legal fraud, which vitiates the entire assessment.

APPEAL from the District Court of the Third District, Santa Cruz County.

The case is stated in the opinion.

*Joseph H. Skirm,* for Appellant.

*First*—The demurrer to the complaint should have been sustained, because none of the proceedings precedent to the assessment and levy of the tax are alleged, either generally or specially. (*Himmelman* v. *Danos,* 35 Cal. 441; *People* v. *Jackson,* 24 Cal. 630; School Law, Sec. 98; Statutes 1865-6, p. 410.)

*Second*—If the complaint and the matters to be alleged therein are governed by the provisions of the Revenue Act, under that clause of Section 99 of the School Law (Statutes 1865-6, p. 411), which provides that " the District Attorney

shall proceed to collect the delinquent taxes in the manner prescribed by law for other delinquent tax," then appellant contends that the complaint is fatally defective from the entire omission of an averment, similar to that contained in the form prescribed by Section 40 of the Revenue Act. (Statutes 1863, p. 722.)

*Third*—The complaint does not show that the personal property assessed was situated within the Aptos School District. (*People* v. *Pearis,* 37 Cal. 259.)

*Fourth*—The effect of the assessment roll, even if properly proved and admitted in evidence, did not extend to the authority under which the tax was pretended to be levied. This could only be acquired by the trustees by a strict compliance with the provisions of the School Law, and is plainly to be distinguished from the authority exercised by the Board of Supervisors of the counties in levying taxes. They act under an authority conferred directly by the Legislature itself, of which the Courts take judicial notice. It is submitted that Section 99 of the School Law, and Section 43 of the Revenue Act, in regard to the effect as evidence of delinquent tax rolls, does not dispense with the necessity of showing the authority to levy a special school tax and the various steps by which it is acquired.

*Fifth*—Defendant averred and proved that he was not the owner of seventeen hundred acres of the first tract described in complaint, but that for a long time previous to the assessment alleged, and down to the time of the trial, said seventeen hundred acres were owned by and in the actual possession and enjoyment of others. This allegation and proof were substantially sufficient, under the stringent provisions of the Revenue Act.

*Sixth*—That no notice had been given of the election held for the purpose of voting the tax sued for, is such an abuse of the duties and the privileges of the officers conducting it, as ought certainly to defeat it at every step taken to enforce it and the rights claimed under it.

*Jo Hamilton,* Attorney General, for Respondent.

I confess that the framework and recitations in the complaint, and other steps in this case, on both sides, give marked evidences of a cheerful and contented disregard of rules and precedents, if, in this character of action (having been instituted before a Justice of the Peace), the strictness of pleadings and procedure deemed necessary in former cases should, in the opinion of this Court, be held necessary.

I respectfully suggest to this Court, however, that the rule to apply in this case, is not that enforced in the cases hereinbefore cited, and kindred cases. The pleadings were instituted in Justice's Court, and, under numerous decisions, are not to be held to the same strictness, but, upon the other hand, are to be leniently and liberally considered. (*Cronise* v. *Carghill,* 4 Cal. 121; *Leining* v. *Gould,* 13 Cal. 598; *Stuart* v. *Lander,* 16 Cal. 372.)

CROCKETT, J., delivered the opinion of the Court:

This is an action commenced before a Justice of the Peace to collect a special school tax, alleged to have been levied for the purpose of creating a school house in Aptos School District, in Santa Cruz County. The defendant demurred to the complaint, and at the same time filed his answer thereto, denying that the tax was ever levied; that the property of the defendant was assessed as alleged; that any election was ever held in said district in respect to the levying of said tax; or that the defendant was the owner of the whole of the real estate alleged to have been assessed to him; and averring fraud in the pretended levy and assessment, in this, to wit: In attempting to assess him in a large sum, which he is not liable to pay, upon property which he does not own, and at a valuation exceeding, by $30,000, its true value; and averring, further, that the determination of the action necessarily involved the legality of the alleged tax and assessment, and prayed that the cause be transferred to the District Court for trial. On the filing of the answer the Justice transferred the action to the District Court for trial, and thereupon the

said Court overruled the demurrer to the complaint and pro-
ceeded to try the action on its merits.   The plaintiff put in
evidence the assessment roll, which, on its face, purported to
be an assessment of all property, real and personal, situated
in said school district, made in pursuance of an election by the
qualified electors of the district for the collection of a tax for
the erection of a district school house in said district.   The
assessment roll purported to be certified by U. S. Nichols,
as District Assessor, but no proof was offered to show that
he was such Assessor, nor was there any proof of the authen-
ticity of the certificate, and the defendant objected to the ad-
mission of the assessment roll in evidence on these grounds,
but the Court overruled the objection.   This was the only
evidence introduced by the plaintiff to sustain the action,
and thereupon the defendant moved for a nonsuit on the
ground : First—That there was no proof to show that any
election had been held in the district to authorize the tax;
or, Second—To show that Nichols ever was the Assessor in
said district; or, Third—That the assessment roll had been
equalized; or, Fourth—That any of the steps required by
law to precede the assessment had been taken.   The Court
denied the motion and the defendant excepted.   The defend-
ant then proved that, at the time of the assessment, he was
not, and for a long time prior thereto, had not been the
owner or in possession of about fifteen hundred acres of the
land assessed to him; and that this portion of said land was
in the actual occupation of other persons, to whom it be-
longed.   The defendant then offered proof tending to show
what was the actual value of all the lands owned by him in
said district at the date of the assessment; but the Court
excluded the proof as immaterial.   He also offered to prove
that no prior notice whatever was given of the pretended
election, and that, on the day of election, it was held only
between the hours of two o'clock and five o'clock P. M.; but
the Court excluded this proof, also, as immaterial, and there-
upon entered judgment for the plaintiff for the whole amount
claimed.

The errors in this record are numerous and patent.   The
demurrer to the complaint ought to have been sustained.   A

special tax for school purposes can only be levied after the question has been submitted to the qualified electors of the district in the manner pointed out by the statute, and in an action to recover such taxes, it is not sufficient to allege in general terms that the tax was duly levied, and that the levy and all the proceedings prior and subsequent thereto, were made and had under and in pursuance of a vote and election theretofore had and held by the qualified electors of the district, in pursuance of law. There was no power to levy the tax, except on a vote of the electors, had in the prescribed method; and the holding of such an election was a jurisdictional fact, lying at the foundation of the proceeding. It was a fact on which the defendant was entitled to take issue, and, if denied, must be proved. It was, therefore, necessary to aver it with precision, and in such manner as to admit of a direct issue upon the *facts* averred. The complaint is wholly defective in this respect, and presents no issuable facts touching the election.

The motion for a nonsuit ought, also, to have been sustained, for the reason that the answer contains an explicit denial that any election was ever held to authorize the tax; and there was no attempt to prove that such an election had been held, or that Nichols ever was appointed Assessor, or had any authority whatever to make an assessment. It was distinctly proved on the trial that the defendant was not the owner of about fifteen hundred acres of the land assessed to him, and that this land was in the actual occupation of other persons, holding the title under recorded deeds. This fact, of itself, established a legal fraud, which vitiated the entire assessment. No citizen would be safe from illegal and onerous exactions, if Assessors are to be permitted thus flagrantly to violate the law by assessing large and valuable estates, not to the owners in the actual and visible possession under recorded titles, but to others who claim no interest in the property and are not in possession.

Judgment reversed, with an order to the District Court to sustain the demurrer to the complaint.