[No. 5054.]

## THE PEOPLE v. H. W. SEALE.

SCHOOL DISTRICT TAXES.— School district taxes cannot be imposed unless the provisions of the Political Code relating to the same are substantially complied with.

NOTICE OF AN ELECTION FOR SCHOOL TAX.— The notice to be published of an election to be held in a school district for the imposition of a tax must state the time at which the election will be held, and if it states that the polls will be open between the hours of one o'clock and six o'clock P. M. it is illegal.

| 52 | 71 |
| 106 | 370 |
| 52 | 71 |
| 108 | 112 |
| 52 | 71 |
| 111 | 424 |
| 52 | 71 |
| e141 | 273 |
| 52 | 71 |
| e143 | 339 |

The Trustees of the Mayfield School District, County of Santa Clara, on the 29th of April, 1874, resolved to call an election in the District for the imposition of a tax to build an addition to the school-house. Notice of such election, to be held on the 27th day of June, 1874, was published. The notice stated: "The polls will be open at the public school-house between the hours of one o'clock and six o'clock P. M." At the election a majority of the votes was cast in favor of the tax. This action was brought against the defendant, Seale, and his land to recover the tax—$387.30. The plaintiff had judgment, and the defendants appealed.

*Fred. E. Spencer*, for the Appellants.

*Thomas Bodley*, for Respondent.

By the COURT:

The imposition of school district taxes is regulated by the Political Code, (sec. 1830 *et seq.*) and there is no power to impose such taxes except the provisions of the statute be substantially observed. (*People* v. *Castro*, 39 Cal. 69.)

It is provided in the Code (sec. 1831) that an election for that purpose must be called by posting notices in three of the most public places in the district for twenty days (sec. 1832); such notices must specify the time and place of holding the election, etc.; the election (sec. 1833) must be held, in all respects, as nearly as practicable, in conformity with the general election law. The giving of the prescribed notice is material, and the time at which the election will be held is required to be stated in the notice. It is essential, too, that neither the notice of election nor any other proceedings contravene the provisions of the general election law.

In this case the notice was to the effect that the polls would be open only between the hours of one o'clock P. M. and six o'clock P. M., and in point of fact the polls were kept open only between those hours, and in this important respect the election, as held, was not " in conformity with the general election law " —for that requires the polls to be open " at one hour after sun-

rise on the morning of the election," and to be kept open until sunset (Political Code, sec. 1160).

Judgment reversed and cause remanded, with directions to dismiss the action.