The State v. The St. Louis, Kansas City & Northern Railway Company.

THE STATE, *Appellant*, v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY.

1. **School Taxes.** After the adoption of the constitution of 1875, and until the passage of the act of March 24th, 1877, (Sess. Acts 1877, p. 405,) no authority existed for levying taxes for school purposes in districts, exceeding forty cents on the $100 valuation.

2. ——— : NOTICE OF ELECTION. Fifteen days' notice must be given of any election held under that act for the purpose of authorizing a tax exceeding forty cents on the $100 valuation.

*Appeal from Montgomery Circuit Court.*—HON. G. PORTER, Judge.

AFFIRMED.

*John M. Barker* for appellant.

*Wells H. Blodgett* for respondent.

NORTON, J.—This action was commenced in the circuit court of Montgomery county to recover the sum of $391.12, with penalties, fees and costs, which the plaintiff claims is the balance due the county of Montgomery for school taxes for the year 1877, the whole amount for said year being the sum of $1,440.96, and the defendant having reduced it to the amount sued for by having paid $1,049.84. The $391.12 sued for is the excess over and above forty cents on the $100 levied in said county for school purposes.

The petition of the plaintiff is in the ordinary form, and states, in substance, that $1,440.96 school taxes were lawfully assessed and levied against defendant for the year 1877; that defendant was entitled to a credit of $1,049.84 paid thereon; and contained all other necessary allegations, and a prayer for judgment for $391.12, with penalties, costs and fees. The defendant's answer was a general denial.

Upon trial in the circuit court, the parties submitted the cause to the court upon the following agreed statement of facts: (1) The first point in issue is: The defendant maintains that the people of Missouri, prior to March 24th, 1877, had no power vested in them to vote a rate of tax for school or building purposes in excess of forty cents on the $100; plaintiff holds to the contrary. (2) That on the 24th of March, 1877, the legislature passed an act authorizing the people of the State to vote a rate of taxes in excess of forty cents on the $100 for school and building purposes; and the plaintiff maintains that the right already existed before that time. (3) The returns in the office of the clerk of the county court show, that all elections for increase of rate in the school tax for the year 1877, were held on the 3rd day of April, 1877; and that the vote on each proposition was according to law; but that no notice of the elections was given. (4) That no notice of fifteen days was given, of the time and place of such elections for the purpose of increasing the rate. (5) The plaintiff contends that such elections were good and valid, while defendant claims that they were void for failure to give the fifteen days' public notice thereof. (6) That said John M. Barker, prosecuting attorney of said county, was duly authorized by the county court of Montgomery county to prosecute this suit. (7) It is further agreed, that if the court finds for plaintiff on the point in issue as above stated, judgment shall be entered for plaintiff in the sum of $391.12, and the costs and penalties thereon; and if the

court finds for defendant on both said issues, judgment shall be entered for defendant.

Upon the above statement plaintiff asked the court to declare the law to be that under the pleadings and evidence the finding and judgment should be for plaintiff. The court refused to grant the request, and gave an instruction that under the pleadings and agreed statement of facts the finding must be for defendant, and this action of the court is assigned for error.

It is unnecessary to consider the question raised in the first and second points of the agreed statement of facts, except to say that after the adoption of the constitution of 1875, and until the passage of the act of March 24th, 1877, no authority existed for levying taxes for school purposes in districts, exceeding forty cents on the $100 of valuation. *St. Jo. Bd. Pub. Schools v. Patten*, 62 Mo. 450; *State ex rel. v. Holladay*, 66 Mo. 387; *State ex rel. v. St. Louis, K. C. & N. R'y Co.*, 74 Mo. 163.

The only remaining point to be considered is, whether under the act of March 24th, 1877, (Acts 1877, p. 405,) notice is requisite to give validity to an election, authorized to be held by the first section of said act, for the purpose of increasing the rate of taxation above forty cents on the $100 of valuation. That notice is requisite under the provisions of said act we entertain no doubt, for it is expressly provided in section 4 of the act as follows: "Said boards of directors, or boards of education, calling such election, shall cause at least fifteen days' public notice to be given of the time and place of holding such election or elections, and the purpose for which it is held, by publication in some newspaper published in such city, town or village forming such school district or other school district; and if no newspaper is published in such school district, then by five written or printed handbills, posted in five of the most public places in such district."

This section when considered in connection with the other sections of the act which provide that the rate of

taxation shall not be increased above the rate of forty cents for school purposes unless " a majority of the voters who are tax-payers voting at said election, shall vote in favor of the increase," makes it clear, we think, that before any such election can have validity, as only tax-payers can participate or vote at such election, that they are entitled to notice of the time and place of holding it, and the purposes for which it is held, and that such notice must be given in the manner prescribed in said sections. The fact that section 3 of said act provides that such election may be held at the same time and place, and in the manner now provided by law for holding elections for school purposes, and that if so held the proposition must be voted on separately, does not in any manner dispense with the necessity of such notice. When an election is ordered under said section 1, the board, it is true, may fix the time of holding it at the annual school meeting, or they may fix it at some other time, but in either case when it is ordered and the time and place fixed, the tax-paying voters are entitled to the notice prescribed by said section 4. In the case of *McPike v. Pen*, 51 Mo. 64, upon a question involving necessity for notice of an election, although in that case the statute authorizing the county court to order an election, was silent as to notice, it was held that the necessity that the notice be given is so controlling—such an essential part in the machinery of an election that the irregularity in not giving it was fatal. The same position has been taken by the courts of other states upon a kindred question, as will be seen by a reference to the following authorities: *School District v. Atherton*, 12 Met. 105; *State v. Van Winkle*, 25 N. J. (1 Dutch.) 73; *People v. Castro*, 39 Cal. 65; *Cardigan v. Page*, 6 N. H. 189; *Jordan v. School District*, 38 Me. 164; *Independent School District*, 33 Pa. St. 297; *People v. Jackson*, 92 Ill. 454; Cooley on Taxation, p. 246. Perceiving no error in the action of the court, judgment affirmed, in which all concur.