[No. 19386.   In Bank.—March 11, 1895.]

# DIRECTORS OF FALLBROOK IRRIGATION DISTRICT, RESPONDENTS, *v.* HENRIQUE B. ABILA, TRUSTEE, APPELLANT.

IRRIGATION DISTRICT—CONFIRMATION OF PROCEEDINGS—ISSUANCE OF BONDS —NEW TRIAL.—In proceedings for the confirmation of the organization of an irrigation district, and of its issuance and sale of bonds, a new trial may be granted as to a specified issue, and denied as to other issues.

ID.—CONSTRUCTION OF STATUTE—"ISSUES"—EVIDENTIARY FINDINGS.—The "issues" referred to by the statute are those which the statute authorizes the court to determine, viz: The validity of the organization of the district, and the validity of the proceedings of the board of directors for the issuance of bonds; and these issues are distinct from subordinate and evidentiary findings of the court.

ID.—ELECTION FOR ISSUANCE OF BONDS — DEPARTURE FROM STATUTE.— Where the order for an election for the issuance of bonds made by the

directors of the district and the notice of election called for the opening and closing of the polls earlier and later than the time fixed by the statute, and persons were allowed to vote at the election after sunset, the effect of the departure from the statute renders the election nugatory.

ID.—CORPORATION AS ACTOR—BURDEN OF PROOF.—The corporation is the actor in the proceedings taken under the statute, and tenders the issues upon which it asks that its proceedings for the issuance and sale of bonds may be approved and confirmed by the court, and the burden of proof upon those issues is upon the corporation.

ID.—ATTACK UPON BONDS—PRESUMPTION—ABSENCE OF PROOF.—The presumptions and rules of construction which would be applicable in a collateral attack upon the bonds after they have been issued have no application to proceedings taken under the statute to obtain an approval of their issuance; and the defendants are not required to show the absence of any fact essential to the establishment of any issues presented for determination, but the failure of the corporation to make proof of such facts requires the court to deny its petition.

ID. — ERROR NOT AFFECTING SUBSTANTIAL RIGHTS — PROOF ESSENTIAL.— The provision of the statute that the court must disregard any error, irregularity, or omission which does not affect the substantial rights of the parties to the proceedings does not authorize the court to dispense with proof of the several acts which the statute has made requisite, or to assume that the omission of such acts or any other error was harmless; and it is not sufficient that any error or omission may not have affected the substantial rights of the parties, but it must clearly appear that it has not affected them, and, if it may have affected them, the corporation must make the contrary to appear.

ID.—CANVASS OF VOTES OF ELECTION—DECLARATION OF RESULT.—Where the board of supervisors, in canvassing the votes of an election for the issuance of bonds, merely recited the votes which had been cast without any entry made in the record declaring the result, and the record as made was approved by the board, the statute requiring that the result of the election be declared and entered of record is not complied with.

ID.—UNAUTHORIZED ENTRY BY CLERK OF BOARD—AMENDMENT OF RECORD. An entry made by the clerk of the board of his own accord, and without any direction from the directors directing him to amend the minutes by inserting a declaration of result in the records of the session of the board at which the votes had been canvassed, is unauthorized, and does not make the inserted words a part of the record of the board.

ID.—RESCISSION OF RESOLUTION BY DIRECTORS.—It is competent for the directors of an irrigation district to rescind a previous resolution by them for the issuance of bonds for a specified amount.

ID.—ADJOURNED MEETING OF BOARD.—Where the board of supervisors of an irrigation district have regularly adjourned from the day on which the board held its regular meeting, the matter of the issuance of bonds may be presented at the adjourned meeting with the same effect as if it had been presented on the day fixed for the regular meeting, and it is not necessary that such matter should have been presented at the regular meeting, and its consideration postponed or adjourned to that date.

APPEAL from an order of the Superior Court of San Diego County denying a new trial as to certain issues.

The facts are stated in the opinion of the court.

*Lee & Scott, W. J. Hunsaker,* and *William Darby,* for Appellant.

The bond election was void, as votes were allowed to be cast before and after the hour when the polls should have been closed. (*People* v. *Seale,* 52 Cal. 71; *People* v. *Riverside,* 66 Cal. 288.) The meeting at which the board estimated the amount of bonds necessary to be issued was not legally held, so far as such business was concerned, not having been unfinished business, begun at a previous meeting, and, therefore, being business which the directors had no authority to transact at such meeting. (Dillon on Municipal Corporations, secs. 265, 266; *Regina* v. *Grimshaw,* 10 Q. B. 747.) There was no evidence to show that the result of the election had ever been ascertained or declared. The amendment to the minutes by the clerk was unauthorized and void. (Dillon on Municipal Corporations, sec. 297; *Reclamation Dist.* v. *Goldman,* 65 Cal. 639; *Swamp Land Reclamation Dist.* v. *Wilcox,* 75 Cal. 446.)

*Aitken & Smith,* for Respondents.

The fact that the polls were opened a little before or closed a little after the time prescribed in the Wright act would not of itself vitiate the election, there being nothing in the statute requiring such a construction. (Wright act, secs. 6, 15; *Cleland* v. *Porter,* 74 Ill. 76; 24 Am. Rep. 273; *People* v. *Cook,* 8 N. Y. 67; 59 Am. Dec. 451; McCrary on Elections, sec. 128.) An election is not to be set aside for a mere informality or irregularity which cannot be said in any manner to have affected the result of the election. (Dillon on Municipal Corporations, sec. 197; *Walker* v. *West Boylston,* 128 Mass. 550; *Queen* v. *Parish of St. Mary, Lambeth,* 8 Ad. & E. 356; *Regina ex rel. Walker* v. *Mitchell,* 4 U. C. P. 218; *In re*

*Monk's Election,* U. C. Q. B. 147; *Queen* v. *Ward,* L. R. 8
Q. B. 210; *Regina* v. *Cousins,* 28 L. T., N. S., 116; *Regina
ex rel. Harris* v. *Bradburn,* 6 U. C. P. 308; *Regina ex rel.
Preston* v. *Touchburn,* 6 U. C. P. 344; *People* v. *Cook,*
14 Barb. 259; *Clifton* v. *Cook,* 7 Ala. 114; *Truehart* v.
*Addicks,* 2 Tex. 217; *Dishon* v. *Smith,* 10 Iowa, 212; *At-
torney General* v. *Ely,* 4 Wis. 420; *State* v. *Jones,* 19 Ind.
356; 81 Am. Dec. 403; *People* v. *Higgins,* 3 Mich. 233;
61 Am. Dec. 491; *People* v. *Campbell,* 2 Cal. 135; *Taylor*
v. *Taylor,* 10 Minn. 112; *Bourland* v. *Hildreth,* 26 Cal.
161; *Day* v. *Kent,* 1 Or. 123; *Pratt* v. *People,* 29 Ill. 54;
*Ewing* v. *Filley,* 43 Pa. St. 384; *Howard* v. *Shields,* 16
Ohio St. 184; *McKinney* v. *O'Connor,* 26 Tex. 5; *Sprague*
v. *Norway,* 31 Cal. 173; *Fry* v. *Booth,* 19 Ohio St. 25.)
The meeting at which the board made their bond esti-
mate was legally held. A meeting regularly adjourned
from time to time is a regular meeting. (*Ex parte Mi-
rande,* 73 Cal. 365; *Ex parte Benninger,* 64 Cal. 291; *Ex
parte Benjamin,* 65 Cal. 310.) The secretary had au-
thority to correct his minutes so as to make them con-
form to the truth and declare the result of the election.
(Dillon on Municipal Corporations, sec. 294; *Welles* v.
*Battelle,* 11 Mass. 477; *Boston Turnpike Co.* v. *Promfret,*
20 Conn. 590; *Swamp Land Reclamation Dist.* v. *Wilcox,*
75 Cal. 443.) Proceedings for the organization of irri-
gation districts are to be liberally construed to carry
out the purposes of the act. (*Central Irrigation Dist.*
v. *De Lappe,* 79 Cal. 351–65.)

HARRISON, J.—Upon motion for a new trial herein
the court made an order that said motion be granted
" as to the issue whether or not the petition for the or-
ganization of Fallbrook irrigation district, mentioned
in the findings, was signed by fifty freeholders owning
land in said district, and that upon said new trial said
issue only be re-examined. And it is further ordered
that said motion be denied as to all other issues raised
by the pleadings." From that portion of the order

denying the motion for a new trial the defendant, Abila, has appealed.

By the fifth section of the statute under which the present proceedings were taken (Stats. 1889, p. 213) it is declared that: "The order granting a new trial must specify the issues to be re-examined on such new trial, and the findings of the court upon the other issues shall not be affected by such order granting a new trial." That the " issues" thus referred to are those which the statute authorizes the court to determine, and are distinct from the subordinate and evidentiary findings of the court, is clearly indicated by the provision that "the findings of the court upon the other issues" shall not be affected by the order.   These " issues" in the present proceeding are the validity of the organization of the district, and the validity of the proceedings for the issuance of the bonds.   The court has made numerous findings of fact relative to these issues, but they are evidentiary of either one or the other of these issues or ultimate facts authorized by the statute to be determined by the court.   Upon the present appeal we are called upon to consider the action of the court upon that issue only which involves the validity of the proceedings of the board of directors for the issuance of the bonds.

1. Section 15 of the Wright act, so called, as amended March 20, 1891 (Stats. 1891, p. 147), provides that the bonds can be issued only upon a vote therefor by the electors of the district at a special election called for that purpose, and that " said election must be held and the result thereof determined and declared in all respects as nearly as practicable in conformity with the provisions of this act governing the election of officers." In the provisions governing the election of officers it is declared in section 6 of the act (Stats. 1887, p. 32): "The polls must be opened one hour after sunrise on the morning of the election, and be kept open until sunset, *when the same must be closed.*"   In the present case, in · the order for the election by the directors of the district, as well as in the notices therefor which were after-

ward posted and published, it was declared that "the polls shall be opened at sunrise on the morning of the day of election, and shall be kept open until five o'clock of the afternoon of the same day, when the polls shall be closed"; and the court finds "that the polls at said election were kept open from sunrise until 5 o'clock P. M. on the twenty-eighth day of November, 1891 (the day of said election), and persons were allowed to vote at said election on the day of holding the same, *during all of said time*." We are of the opinion that the effect of this departure from the provisions of the statute rendered the election nugatory. (*People* v. *Seale*, 52 Cal. 71.) How many votes were cast after the hour when the statute declared that the polls should close is not shown, but it is readily perceived that it would be within the power of interested parties, especially at an election where the vote is light, to change the result by procuring electors to visit the polls and cast their votes after this hour and after others had gone to their homes at the hour fixed for closing, in reliance upon the result as it then existed. (See *Varney* v. *Justice*, 86 Ky. 596.)

It must be borne in mind that the corporation is itself the actor in the proceedings taken under this statute, and itself tenders the issues upon which it asks that its proceedings providing for the issuance and sale of bonds may be approved and confirmed by the judgment of the court. The burden of proof of the issues upon which it asks the judgment of the court is upon the corporation. (*In re Madera Irr. Dist.*, 92 Cal. 330–39, 27 Am. St. Rep. 296.) The presumptions and rules of construction which would be applicable in a collateral attack upon the bonds after they had been issued have no application to proceedings taken under the statute. The defendants in the proceeding are not required to show the absence of any fact essential to the establishment of the issues for determination, but the failure of the corporation to make proof of such facts requires the court to deny its petition. The statute provides (sec. 6): "The court in inquiring into the regularity,

legality, or correctness of said proceedings, must disregard any error, irregularity, or omission which does not affect the substantial rights of the parties to said special proceeding." But this does not authorize the court to dispense with proof of the several acts which the statute has made requisite, or to assume that the omission of such acts or any other error was harmless. It is not sufficient that such error or omission *may not* have affected the substantial rights of the parties interested in the issuance of the bonds. It must clearly appear that it has not affected them, and, if there is a contingency by which these rights may have been affected by such omission or error, the corporation must make the contrary to appear.

2. Section 15 of the statute also requires that after the election has been held the result of such election shall be declared and entered of record, which record is by section 10 of the act (Stats. 1887, p. 33) to be made by the secretary of the board. At the time that the board of directors canvassed the votes of the election no entry was made in its records declaring the result, but merely a recital of the votes that had been cast; and the record that was made was at its next meeting approved by the board. Subsequently, at the hearing of the present proceeding on the morning that the record was offered in evidence, the clerk of the board, of his own accord, and without any direction from the directors directing him to amend the minutes, inserted in the records of the session of the board at which the vote had been canvassed, these words: "The board hereby declares that the proposition to issue bonds in the sum of four hundred thousand dollars carried." This act of the clerk was unauthorized, and did not make the inserted words a part of the records of the board. In *Dyer* v. *Brogan*, 70 Cal. 136, a resolution for certain street work had been adopted by the board of supervisors, in which a portion of the work had been erased prior to its adoption, and afterward the clerk, without any authority from the board, inserted in

the record of the resolution the work that had been erased. It was held that this act of the clerk did not make the inserted matter a portion of the record, the court saying: "The deputy clerk of the board of supervisors was not clothed with any power to correct a record, even had it been shown, as it was not, that he made the correction in accordance with the true state of the facts."

The other exceptions to the findings of the court do not need special consideration. It was competent for the directors to rescind a previous resolution by them for the issuance of bonds for the amount of three hundred and sixty thousand dollars. That resolution was, moreover, ineffective, by reason of noncompliance with the provisions of the statute. It is not required by the statute that the directors shall specify the amount of bonds that may be required for the several purposes for which they are to be issued. The meeting at which the election for the bonds was ordered was regularly adjourned from the day on which the board held its regular meeting, and it was not necessary that the matter of issuing the bonds should itself have been presented on the day fixed for a regular meeting, and its consideration postponed or adjourned from that date. The adjourned meeting was a part of the regular meeting, and the matter could be then presented with the same effect as if it had been presented on the day fixed for its regular meeting.

That portion of the order appealed from by the defendant is reversed.

McFarland, J., Van Fleet, J., and Garoutte, J., concurred.