## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1896.

*( Continued from Volume 68.)*

JOSEPH P. HAYWARD, Appellant, v. O. S. GUILFORD, Respondent.

Kansas City Court of Appeals, February 1, 1897.

1. **Animals**: ELECTION TO RESTRAIN: NOTICE: JURY QUESTION. Where the notice of an election to restrain animals from running at large is regularly published in the papers and there was testimony showing the county clerk sent proper notices to the constables of the several townships, with instructions to post the same, and the constables sent in bills for such service, and a large per cent of the voters voted at the election, there is sufficient evidence to send the case to the jury.

2. **Burden of Proof**: INSTRUCTION: HARMLESS ERROR. In this action where the defendant took upon himself the burden of proof, the refusal of the court to give an instruction placing the burden upon him was harmless error.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

VOL. 69 app—1 (1)

*Chas. G. Singleton* and *J. P. Shaughnessy* for appellant.

(1) We call particular attention to the fact that this statute requires the notice of the election to be posted in the three "most" public places in each township, while the proclamation of the result may be posted in three "public" places. Before the trial court could decide in favor of the adoption of the law it was necessary to show the very places in each township at which the notices of election were posted were the "most" public, and it was a question for the jury under the evidence. The intention of the legislature must be ascertained from the words of the statute and not from any general inferences. *State v. Hays*, 78 Mo. 605.

*R. B. Caples* for respondent:

Notices were sent to all the constables of the county to post as required by the statute. While the evidence of posting of these notices may not have been satisfactorily shown, this at most amounts to only partial failure of proof of notice. Yet it did appear in evidence that the people had notice and cast three thousand, eight hundred and thirty-five votes, nearly the entire voting population of the county, as will appear from the census of 1890, which the court will take judicial notice of. The court in determining this question will resort to any source of information which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to the question. From all the evidence the court will presume that legal notice was given. *State ex rel. v. Town of Westport*, 116 Mo. 582; *Deshon v. Smith*, 10 Iowa, 212; *State ex rel. v. County Court*, 89 Mo. 237.

Hayward v. Guilford.

SMITH, P. J.—This is an action of replevin to recover the possession of eighteen head of cattle, which defendant found running at large outside of the plaintiff's inclosure, in violation of article 2, chapter 5, Revised Statutes, and which he accordingly restrained. STATEMENT. The defendant had judgment in the court below and the plaintiff appealed. Whether this judgment shall stand or fall depends upon whether, *first*, there was notice given by the county court of the submission to the qualified voters of the county of the question of enforcing in said county the provisions of said statute; and, *second*, whether the clerk of said county court gave notice of the result of said election.

In the one case, the statute requires (Revised Statutes, 361) that the county court shall cause notice to be given that such vote will be taken by publishing notice of the same in a newspaper published in such county, for three weeks consecutively, etc., before the day of the election, and by posting up printed notices thereof at three of the most public places in each township in the county, at least twenty days before the election. And when a majority of the legal voters vote for the adoption of the provisions of said statute, the duty is devolved on the clerk by section 363, Revised Statutes, to give notice of the result of such election by publication in some newspaper published in the county and by causing notice thereof to be posted in at least three public places in each township in the county. The publication of the notice of both the election and the result thereof was made in a newspaper according to the said statutory requirements, but it is contended that there was no compliance with the requirement in respect to the posting up of the notices in the several townships. The clerk of the county court was called as a witness and testified that he prepared the notices required by both of the sections of

Hayward v. Guilford.

the statute and caused the same to be printed on cloth and sent the required number to the constable of each township, requesting him to put up the same in his township. The several constables later on presented their account to the county clerk for their services in putting up the notices. There was no formal return made by either the clerk or the constables as to the posting of the notices.

It appears from the United States' census reports, of which we may take notice, that the voting population of said county, at the time of said election, was five thousand, five hundred and forty-three. It further appears there was cast at said election three thousand, eight hundred and thirty-five votes, or two thousand, two hundred and one for and one thousand, five hundred and thirty-four against the adoption of said statutory provisions. It is thus seen that the validity of the election can not be questioned on the ground that there was no notice at all, as in *McPike v. Harris*, 51 Mo. 63, and *State v. Railroad*, 75 Mo. 526. But here the notices were given in the newspapers, as required by the statute; but whether the notices were posted up in the townships is not so satisfactorily shown.

Prior to 1895 (Acts 1895, p. 40) there was no statute requiring the officers posting up the notices to make return thereof. Whether the notices were posted up in the manner required by statute was a fact left by it to be proved like any other fact. So that the decisive question is whether the evidence already referred to was sufficient to carry the case to the jury. *State ex rel. v. Westport*, 116 Mo. 582, was where an ordinance of the city of Westport providing for a submission to the qualified voters of the city of the proposition to extend the boundaries of said city required that notice

ANIMALS: election to restrain: notice: jury question.

of the election should be given in a newspaper and also "by posting up in at least twenty places in the city of Westport printed copies of the ordinance, at least twenty days before the day of holding said election." The ordinance made it the duty of the city clerk "to attend to the giving of the notices." The only proof of the posting up of the notices was the certificate of the city marshal to the effect that he had "posted extension ordinance notices as required." The contention of the relator in the case was that the election under the ordinance was void because of want of proof of notice of the election. Judge GANTT, speaking for an unanimous division of the court, answered this by saying: "This record is obnoxious to the objection that it stated a mere conclusion instead of facts as to how and where the notices were posted, but when taken in connection with the fact that there were cast at this election, as shown by the evidence, three hundred and twenty-seven votes for mayor, we conclude that the evidence is sufficient to establish the fact that notice was duly given."

Now, taking into consideration the present case, the undisputed testimony of the clerk to the effect that, in due time, he had the notices printed and had sent the required number to the several constables of the townships, with directions to post up the same, and that the constables presented their accounts for the performance of the service requested of them by the clerk, in connection with the fact that so great a per cent of the voting population of said county voted at said election, we must think, in view of the rulings in the precedent just referred to, that this evidence was sufficient to establish the fact that notice was duly given. If the notices were duly given, as we think the evidence sufficiently shows, then every

step essential to the adoption of the "statute" and to
the putting it in operation was taken.

As no objection was interposed in the court below
to the introduction of any evidence, none will be con-
sidered here.

The court, as it was requested, might have very
properly instructed the jury as to the burden of proof,
yet, since the defendant at the trial took
BURDEN of upon himself the burden of showing that
proof: instruc-
tion: harmless every essential step had been taken for
error.
the adoption of the statute and the putting
the same in force, no harm is perceived to have re-
sulted from the action of the court in this regard.

We are unable to discover that any error has been
committed against the plaintiff materially affecting the
merits and, therefore, we must affirm the judgment.
All concur.