FERNÁNDEZ, Plff.,

*v.*

CALAF ET AL., Defts.

San Juan, Law, No. 922.

AS TO RESTRICTION OF NEW TRIAL ISSUES.

New Trial—Limited Issues.

    1. In some of the states a new trial may be limited to particular issues. There seems to be no Porto Rican practice on the subject, but the California decisions, from which the local procedure law was taken, seem to permit such limitation.

Conformity Statute—New Trials.

    2. The conformity statute, Revised Statutes, § 914, does not apply to new trials. These are within the discretion of the trial court.

Appeal—New Trial.

    3. The Federal practice allows new trial after reversal and limiting the issue to some of the defendants.

Fernández v. Calaf.

New Trial—English Practice.

4. According to the English practice, where new trials are discretionary, a new trial may be confined to a certain issue. It would seem .that this should be followed where other issues are satisfactorily covered by the verdict, and it would be a hardship to compel plaintiff to bring witnesses from a foreign country as to unnecessary issues.

New Trial—Subsequent Term.

5. A court cannot generally make an order at a subsequent term which will change what has been done at a previous term. Semble, it may make more definite what has been ordered at a previous term, and in the case at bar the motion for a new trial had been made at the previous term and continued.

Opinion filed May 16, 1914.

*Messrs. M. Olmedo* and *E. B. Wilcox* for plaintiff.

*Messrs. F. H. Dexter* and *Nava & Dominguez* for defendants.

HAMILTON, Judge, delivered the following opinion:

The trial of this case resulted in a verdict for the plaintiff, and thereupon defendants made a motion for a new trial, which was granted at last term.

1. An application is now made by the plaintiff to limit the issues of the new trial to the matter of title. The procedure now invoked is well known in the state courts, both at common law and under local statutes. Many of these are found in a note to Clark v. New York, N. H. & H. R. Co. Ann. Cas. 1913B, 365, as well as in 29 Cyc. 1014. The practice of this court is under Revised Statutes, § 914, Comp. Stat. 1913,

VII. Porto Rico—6.

§ 1537, to follow as near as may be the local procedure. No local decision has been called to the attention of the court controlling this subject. California is frequently looked to to furnish an analogy, and the California decisions seem to permit the limitation of the issues to be submitted upon a new trial. San Diego Land & Town Co. v. Neale, 78 Cal. 63, 3 L.R.A. 83, 20 Pac. 372; Duff v. Duff, 101 Cal. 1, 35 Pac. 437; Fallbrook Irrig. Dist. v. Abila, 106 Cal. 365, 39 Pac. 793. These would be persuasive if the matter were one controlled by local practice.

2. The matter of new trials, however, is one which does not come within the conformity statute. Local statutes often provide for them as a matter of right upon certain grounds. This rule does not obtain in the Federal court. In Federal courts a new trial is a matter of discretion, and not of right, and is granted or refused within the discretion of the trial court. No Federal decision has been cited showing such a limitation by a trial court.

3. An analogy, perhaps, may be found in the action of the Supreme Court on appeal. It is true that this is governed by statute (Rev. Stat. § 701, Comp. Stat. 1913, § 1669), but at least the statute does not and could not confer greater powers on an appellate court as to a new trial than are possessed by the trial court itself. The statute is rather a limited grant of power, while the discretion of the lower court is unlimited, except that it must, of course, be exercised without abuse.

The Supreme Court in Pennsylvania R. Co. v. Jones, 155 U. S. 333, 354, 39 L. ed. 176, 183, 15 Sup. Ct. Rep. 136, held that, in the case of an error affecting one defendant and not others, the plaintiff should be nonsuited as to the one defendant

in question, but have judgment as to the others. See also Washington Gaslight Co. v. Lansden, 172 U. S. 534, 43 L. ed. 543, 19 Sup. Ct. Rep. 296. The principal thus indicated has been expressly applied in the circuit court of the United States in a case which has been approved by the Supreme Court. In Albright v. McTighe, 49 Fed. 817, where the plaintiff had obtained a general verdict against all defendants, the court held that it had the undoubted power in a proper case to grant a new trial to one of the defendants and overrule it as to others. This was a case of tort.

4. The above cases relate to a limitation of the new trial to one of several defendants. The case at bar seeks to limit the new trial to the matter of title, inasmuch as that was the only ground approved by the court for granting a new trial. This point does not seem to have been passed upon by the Federal courts. The closest to it is an intimation by Mr. Justice Mathews on circuit that the question was worthy of consideration. The procedure on new trials being at common law, and not governed by statute, is one upon which the old English practice is valuable. The power of the court in such matters is that of the English judges at the time of the formation of the American Constitution, although it may well be that the power can now be exercised in somewhat different forms from those of that day. New trials being, under the English practice, as under the Federal, discretionary, the matter does not seem to have come often before the courts of record. There is, however, a decision by Lord Mansfield and associates in 1812, to the effect that the plaintiff upon a new trial could be confined to one count or one point. Hutchinson v. Piper, 4 Taunt. 555. So far as has been noticed, this is the sole case upon the subject,

but it is sufficient. ˙ The Federal court must be very careful under the Constitution not to interfere with the trial of fact by jury. No rule or practice of court can be adopted which will interfere with this principle. Slocum v. New York L. Ins. Co. 228 U. S. 364, 57 L. ed. 879, 33 Sup. Ct. Rep. 523, Ann. Cas. 1914D, 1029. That right and that principle, however, are not affected by limiting the new trial, when granted, to the sole issue as to which there is in the mind of the court any doubt, that is, the question of title. It would be a hardship and might work injustice to require the plaintiff to bring witnesses from another country at great expense and with uncertainty as to obtaining their presence, or even their depositions, in the present state of the Dominican Republic, and this would seem to be unnecessary where the sole error was, in the mind of the court, the question of title. This is to many intents and purposes a legal question.

5. There is the difficulty that the order for new trial was made at the last term of court, and any modification of it must now be made at a subsequent term. Ordinarily, the court has no power to change orders made at a previous term. Even though they were originally discretionary, that discretion ceases with the end of the term at which it was exercised. In the case at bar, however, the application for modification of the order was made at the preceding term and was continued over to the present term. The result of this was that the court's power to modify the preceding order was continued over also. And it may well be that the power of modification would exist regardless of this fact. The action sought is not so much a change of the order for a new trial as making it more definite. The order did not state what issues were to be tried before the

Fernández v. Calaf.

jury. Of course, the result would be, without more, that the whole case would be resubmitted, but the court has power at a subsequent term to make its orders more definite by supplying what was originally left out.

It follows, therefore, that the motion should be granted, and it is ordered that the new trial in this case shall be restricted to the question of title, and that issues to be presented will be limited thereto.

It is so ordered.