25 P.(2d) 593

KNECHTLY v. MECASKEY et al.

No. 3804.

Supreme Court of New Mexico.

Sept. 26, 1933.

R. A. Prentice, of Tucumcari, and Reed Holloman, of Santa Fe, for appellants.

Stonewall Pritchett, of Tucumcari, for appellee.

BICKLEY, Justice.

Plaintiff charged that defendant's cattle were running at large contrary to the provisions of the 1909 herd law, in a district formed under the provisions of chapter 94, Laws 1909, and that said cattle trespassed upon plaintiff's land situated in said district to his damage. The trial court rendered judgment in favor of plaintiff and against defendant, finding all the issues in favor of plaintiff. The court also made certain specific findings of fact and conclusions of law and refused requests therefor made by the defendants. Briefly, the findings are that the lands of plaintiff were situated in the herd law district No. 11, Quay county, N. M., in which defendant permitted his cattle to run at large, was legally adopted by residents of said district, and at the time of the impounding of said cattle was in force and effect; a specific finding also that the defendant allowed and permitted his cattle to run at large in said herd law district and over and upon the lands of the plaintiff.

In the main, the points relied upon for reversal challenge the right of plaintiff to the possession of certain lands, and that defendant's cattle were running at large, and the existence of the herd law district. The first two present questions of fact merely, and we find substantial evidence in support of the court's findings in favor of the plaintiff.

The last, more particularly perhaps, involves questions both of law and fact. The procedure for the establishment of the herd law district in question was in compliance with the act. Criticism is made of the proof

of publication of the notice of election and of the publication of the order of the board of county commissioners after the board had canvassed the returns of the election. Section 2 of the act provides that: "The call for such election shall be published in some newspaper published in said county for at least three consecutive weeks before said election."

Assuming that the publication of the call for such election is mandatory and jurisdictional, we agree with the trial court that proof of publication was sufficient. Two witnesses testified that they were living in the precinct at the time of the election and for some time previous thereto; that the election interest was very high, and that they did not know of a single voter who was eligible who failed to vote; that notices notifying people of the election were posted at the post office and store in a town in said district and one at the schoolhouse. An estimate, the correctness of which was not questioned, was given that at the time of the election the precinct involved had a voting population of 100, and it appears that 97 of these exercised their right of suffrage. It will thus be seen that the validity of the election cannot be questioned on the ground that there was no notice at all; the question here presented being merely as to the sufficiency of the proof thereof. The election call was published three consecutive weeks in the official newspaper of the county, published therein. The statute prescribes no form of proof of the publication or that any at all be filed. Under such circumstances, whether the election call was

published as required by the statute was a fact to be proved like any other fact. See Yowell v. Mace, 221 Mo. App. 85, 290 S. W. 96; Humphreys v. Humphreys, 162 Mo. App. 408, 142 S. W. 757, affirmed (Mo. Sup.) 178 S. W. 52; Hayward v. Guilford, 69 Mo. App. 1.

■■ Section 3 of the act provides that, if a majority of the votes be cast in favor of a herd law, the board of county commissioners shall make an order that all neat cattle, horses, mules, asses, swine, sheep, and goats shall be prohibited from running at large in said precinct, and said order shall be entered upon the record of the proceedings of said board, "and the same shall be published immediately thereafter, for three consecutive weeks in some newspaper published in said county, and said herd law shall be deemed established in said precinct in thirty days from the day on which said order is made."

There is no method prescribed for making proof of the fact that the order was published and none requiring that an affidavit of publication or other written proof be filed with the proceedings. For stronger reasons, what we have said in the preceding paragraph, with respect to proof of the publication by parol evidence as of any other fact, is applicable to the publication of the order. The validity of the election is in no wise dependent upon the publication of this order, and it is nowhere said that the herd law shall not be deemed established or effective until the publication is complete. The publisher of the official newspaper of the county testified that the

newspaper files showed the publication of the order on September 3 and 10, respectively, 1909, and that a mutilated copy of the newspaper dated September 17, 1909, strongly indicated that it had also been published upon that date. Another witness testified positively that the order of the board of county commissioners declaring the herd law in effect was published three times in the official newspaper. It is to be doubted whether this publication is mandatory (59 C. J. 1072–1076), but, if it is, we should find no reason to disturb the finding of the trial court that the publication was made.

Finding no error in the record, the judgment of the district court is affirmed, and the cause remanded, with directions that judgment be entered against the sureties named in the supersedeas bond. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.